P. N. MOORE, Plaintiff-Respondent, v. W. S. SCHRAGE, Duncan
McKinnon and the Occident Elevator Company, a Foreign Cor-
poration, Defendants. OCCIDENT ELEVATOR COMPANY,
a Foreign Corporation, Appellant.

(201 N. W. 163.)

**Evidence — landlord and tenant — jury's finding for plaintiff as to division
of grain at threshing held conclusive; evidence held to make question
of identification of grain delivered under cropper's contract for jury.**

In an action against an elevator company for the conversion of grain by
plaintiff, the owner of the land, holding cropper's contract upon grain harvested
and threshed by the cropper, it is held, for reasons stated in the opinion, that
defendant's contentions with reference to variance, misjoinder of causes of
action, insufficiency of the evidence, and estoppel of plaintiff, are obviously
without merit and that the judgment and order denying judgment non obstante
or in the alternative for a new trial should be and are in all respects affirmed.

Opinion filed October 30, 1924.  Rehearing denied December 5, 1924.

Appeal and Error, 3 C. J. § 706 p. 784 n. 60; § 720 p. 796 n. 81; § 745 p. 836
n. 29; 4 C. J. § 2834 p. 850 n. 51.  Evidence, 22 C. J. § 1679 p. 1260 n. 98.

In District Court, Divide County, *Moellring*, J.

Action for the conversion of grain.

Affirmed.

*Conmy, Young & Burnett* and *Emanuel Sgutt,* for appellant.

In an action to recover damages for the conversion of wheat stored
in a warehouse, where the plaintiff sues several defendants jointly, and
they file separate answers, each alleging that the wheat which they took
was their own property also stored in the warehouse, and the evidence
offered by the plaintiff fails to show that the defendants did not act
independently of each other, the plaintiff cannot, upon his complaint,
recover severally against each of the defendants, and a nonsuit is prop-
erly granted.  Cooper v. Blair (Or.) 12 Pac. 370.

However when a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegations and the proof must agree in cases of tort, as in other cases. 21 R. C. L. 613.

An action dependent on the ownership by the plaintiff of a legal title to choses in action can not be sustained by parol evidence tending to show that the plaintiff is the equitable owner of such choses. Florida Coca Cola Co. v. Ricker (Ga.) 71 S. E. 734.

Where the owner of a promissory note assigns it as collateral security, he can not maintain an action thereon while it is held by his creditor. Felton v. Smith, 84 Ind. 485.

That the lien of a mortgage may be waived by the mortgagee cannot be questioned, and such lien may be waived by parol. Stone v. Fairbanks Co. 53 Vt. 145; 25 Cyc. 673. And it may be impliedly waived by conduct of the lienholder inconsistent with the existence of a lien. 25 Cyc. 674; 113 N. W. 609; 33 N. D. 280.

The presumption is always that a man's acts are lawful unless this is overcome by definite proof, the plaintiff must fail. Fried v. Olson, 32 N. D. 381, 133 N. W. 1041.

It is error to allow the jury to find market value from their own general knowledge, without definite evidence of such market. Harrow v. St. Paul & D. R. Co. (Minn.) 44 N. W. 881.

A witness may be permitted to refresh his memory from a writing or memorandum made by himself shortly after the occurrence of the fact to which it relates; but it is only when the memory needs assistance that resort may be had to these aids, and, if the witness has an independent recollection of the facts inquired about, there is no necessity nor propriety in his inspecting any writing or memorandum. State v. Baldwin (Kan.) 12 Pac. 318.

It is obvious that this court cannot take judicial notice of the market price of wheat at any particular date. Towne v. St. Anthony Elevator Co. 8 N. D. 200, 77 N. W. 608.

*T. S. Stuart* and *Geo. P. Homnes,* for respondent.

It is obvious from the general principal stated that if the defendant answers to the merits without raising the formal objections, it is waived. And the same result is effected if he proceeds, without objection, to trial on the merits; or if the defect is correct, or the commission supplied by his own answer or other pleading. 21 R. C. L. 618.

The refreshing of a witness's memory is a matter resting in the discretion of a trial court whose rulings will not be disturbed in the absence of abuse of discretion. 40 Cyc. 2449; Brown v. Smith, 24 S. D. 231, 123 N. W. 689.

Admissions of agents of a private corporation, when relevant to the issue, are competent against the corporation, provided, but not unless, they are within the scope of the powers of the declarant, were made in connection with the performance of his duties, and are statements of fact rather than mere expressions of opinion. 22 C. J. 386.

Where a party fails to produce a record which would prove a fact, the presumption is that if the record was produced it would be against the defendants. Harrison v. Doyle, 11 Wis. 296; Palmer v. Green, 6 Conn. 11.

An action for conversion without a prior demand and refusal is justified by a transfer of property by one having no right or title thereto irrespective of the character of his possession. 38 Cyc. 2036.

BRONSON, Ch. J. This is an action for the conversion of grain. The action was instituted against three named defendants. One was not served; the action was dismissed as to another. The defendant Occident Elevator Company became the sole answering defendant. Upon trial to a jury, a verdict was returned in plaintiff's favor. A motion made for judgment non obstante or in the alternative for a new trial was denied by the trial court. Defendant has appealed from the judgment and from the order denying such motion.

The material facts are:—Plaintiff owned 160 acres of land in Divide county. He made a contract with one Schrage for the farming thereof in 1922. This contract, in general terms, was the usual cropping contract. It provided for delivery of one-half of the grain to plaintiff; for the retention of title to all of the grain until division of the crop was made; for a mortgage upon the share of the crop to the cropper; for advances that plaintiff might make to the cropper.

On this contract there is endorsed an assignment, dated Oct. 20, 1921, which reads as follows:—"The undersigned does hereby assign to C. H. Wilkinson the within and attached farm contract on the within described land for the season of 1922 and to have and to hold all proceeds of his share of the crop for the above season. P. N. Moore."

Pursuant to plaintiff's testimony this assignment, so made, was for

the purpose of securing an indebtedness owing by him to Wilkinson and that such indebtedness had been paid.

On Oct. 25th, 1921, this contract was recorded in the office of the Register of Deeds.

In 1922, certain wheat and rye, harvested and threshed upon the premises, were hauled to defendant's elevator. Pursuant to plaintiff's testimony, before such grain was threshed, he notified defendant's agent not to pay for any grain that his cropper might haul to the elevator until he and his cropper had made a settlement and that the agent stated that he would not so do; further, that, after the grain was hauled to defendant's elevator, he ascertained from defendant's agent the amount of the wheat and rye so hauled and he demanded payment thereof; that payment was refused upon the ground that plaintiff's contract was not good and that he, the agent, had accordingly paid the cropper and the Farmers State Bank. Plaintiff also adduced evidence to the effect that the cropper was indebted to him for advances to the extent of the value of the grain.

The complaint in the action is somewhat lengthy and originally set forth separate acts of conversion with reference to wheat and rye and acts of conversion by McKinnon and the cropper Schrage as well as by Schrage and defendant. Upon motion made at commencement of the trial the allegations of the complaint, with reference to acts of conversion by Schrage and McKinnon, were stricken.

At the trial the court limited proof of the advances to those made in furtherance of the contract. The trial court instructed the jury that the burden was on the plaintiff to establish a special interest in the grain; to prove notice to the elevator concerning his interest; and to establish that the grain covered by the contract was the identical grain sold to the elevator.

The court further charged the jury that if they find from a fair preponderance of the evidence that plaintiff did in 1922 advance to the cropper certain sums of money, for the cropper, in order that the terms of the contract might be carried out, and that the same remains unpaid, and for which advances, if any, plaintiff had a lien under his contract on the cropper's share or interest under the contract on which such lien existed, if any, were delivered to defendant and received by it with

actual knowledge of plaintiff's claims of liens thereupon and defendant did convert such grain, then they must find a verdict for plaintiff.

Defendant maintains that there was a variance between the pleadings and the proof for the reason that a joint cause of action was stated in the complaint against three persons and a single cause of action, if any, establishing the proof against defendant alone. Further, there was a misjoinder of causes of action containing separate causes of action against different defendants. Again, that the trial court erred in allowing parol evidence to establish that the assignment made by plaintiff of the contract was merely for purposes of security; that the evidence is insufficient to support the verdict for the reason that the plaintiff has failed to identify the grain; that the proof offered as to the value of the grain was insufficient as well as incompetent; that the trial court erred in allowing plaintiff to use certain memoranda; that, in fine, the plaintiff is estopped, through the recording of the contract showing the assignment, to maintain this action as against defendant who. has made payment fully to another party.

## Opinion.

At the trial the court struck out Paragraph Seven of the complaint which alleged acts of conversion against different defendants. The court held that there was a cause of action upon the remainder of the complaint against defendant, perhaps two causes of action upon which plaintiff might be compelled to elect if a motion therefor was made. The complaint recites much evidentiary matter and can not be said to be a model pleading. No motion was made by defendant to compel an election or to make the pleading more definite or certain or to require plaintiff to bring in the other defendant not served. We are satisfied that the objections made of variance and of misjoinder are entirely without merit.

It was entirely competent for plaintiff to establish by parol evidence that the assignment of his contract which he made to one Wilkinson was made merely to secure a debt and that this debt in fact was paid when the action was instituted. In fact, plaintiff only pretended to assign his own share of the crops. Likewise, the objection made by defendant, to the effect that a division of the grain was had at the time

of the threshing, may be answered by stating that upon the record the same became a question of fact for the jury and its findings in favor of plaintiff is conclusive. We are also satisfied, upon the record, that evidence was adduced sufficiently for the consideration of the jury as to the identification of the grain delivered so far as plaintiff's title and right therein was concerned. Defendant's objection concerning proof of the value of the grain is without merit. Likewise the objection made to the use of memoranda by the plaintiff to refresh his recollection during the course of his testimony. From the record it appears that the defendant made a multitude of objections during the course of the trial. The trial court fairly considered these objections and fairly submitted to the jury the questions of whether the cropper was indebted to plaintiff and whether defendant converted grain belonging to the plaintiff. We are satisfied that a fair trial was awarded to defendant and that the contentions of defendant being obviously without merit require neither discussion at length nor citation of authorities. The judgment and order are affirmed with costs.

CHRISTIANSON, NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.